# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SEPULVEDA, | Case No. 1:26-cv-02260-KES-SAB-HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | |
| Respondents. | |

**I.**

**BACKGROUND**

Petitioner is a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility. (ECF No. 1 at 1.[1]) On March 11, 2026, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1.) On March 24, 2026, the petition was transferred to this Court. (ECF Nos. 3, 4.) That same day, Respondents filed a motion to dismiss the petition for lack of jurisdiction for failure to name a proper respondent. (ECF No. 8.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Jurisdiction**

In the petition, Petitioner challenges an ICE detainer and states that he is "petitioning to stop and remove all holds detainers, deportations and extraction." (ECF No. 1 at 4.) The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Here, Petitioner challenges an immigration detainer.

> A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7. The Ninth Circuit has "concluded that 'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)). See Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have held that [an immigration] detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.").

Given that Petitioner is not currently in the custody of the Department of Homeland Security, this Court lacks jurisdiction over a habeas petition challenging the immigration detainer. Additionally, to the extent Petitioner is attempting to preemptively litigate a future removal proceeding, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in

2

judicial review of a final order of removal . . . ."); ."); 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). Accordingly, Petitioner will be required to show cause why the Court has habeas jurisdiction over his challenge to the immigration detainer and future removal proceedings.

**B. Challenge to State Conviction**

It appears that Petitioner also may be challenging his criminal conviction. For example, attached to the petition is a copy of a motion to enter new evidence and related documents to prove factual innocence and wrongful conviction. (ECF No. 1 at 7–13.) In a subsequent filing, Petitioner provides a copy of what appears to be a form submitted to the Exoneration Project. (ECF No. 12 at 12–18.) Accordingly, Petitioner will be required to inform the Court whether he is challenging his criminal conviction.

**III.**

**ORDER**

Accordingly, Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for lack of jurisdiction.

Petitioner is forewarned that failure to follow this order will result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **April 30, 2026**

STANLEY A. BOONE
United States Magistrate Judge