# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK SEPULVEDA,<br><br>Petitioner,<br><br>v.<br><br>FIELD OFFICE DIRECTOR, SAN FRANCISCO FIELD OFFICE, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.,<br><br>Respondents. | Case No. 1:26-cv-02260-KES-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND TERMINATE RESPONDENTS' MOTION TO DISMISS AS MOOT<br><br>(ECF Nos. 1, 8) |

**I.**

**BACKGROUND**

Petitioner is a state prisoner currently incarcerated at the California Substance Abuse Treatment Facility. (ECF No. 1 at 1.[1]) On March 11, 2026, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1.) On March 24, 2026, the petition was transferred to this Court. (ECF Nos. 3, 4.) That same day, Respondents filed a motion to dismiss the petition for lack of jurisdiction for failure to name a proper respondent. (ECF No. 8.)

On April 30, 2026, the Court ordered Petitioner to show cause within thirty days why the petition should not be dismissed for lack of jurisdiction. (ECF No. 15.) To date, no response has been filed, and the time for doing so has passed.

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

In the petition, Petitioner challenges a U.S. Immigration and Customs Enforcement detainer and states that he is "petitioning to stop and remove all holds detainers, deportations and extraction." (ECF No. 1 at 4.) The federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). Here, Petitioner challenges an immigration detainer.

> A detainer serves to advise another law enforcement agency that the Department [of Homeland Security] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien. The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7. The Ninth Circuit has "concluded that 'the bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)). See Zolicoffer v. U.S. Dep't of Justice, 315 F.3d 538, 540 (5th Cir. 2003) ("Most of the circuit courts that have considered the question have held that [an immigration] detainer does not place a prisoner in 'custody' for purposes of habeas proceedings.").

Given that Petitioner is not currently in the custody of the Department of Homeland Security, this Court lacks jurisdiction over a habeas petition challenging the immigration detainer. Additionally, to the extent Petitioner is attempting to preemptively litigate a future removal proceeding, this Court lacks jurisdiction to address his claims. See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal . . . ."); 8 U.S.C. § 1252(b)(9) ("Judicial review of all questions of law or fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only in judicial review of a final order of removal . . . ."); ."); 8 U.S.C. § 1252(g) ("[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or

action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.”). Accordingly, the Court recommends dismissing the petition for lack of jurisdiction.[2]

**III.**

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED for lack of jurisdiction; and
2. Respondents’ motion to dismiss (ECF No. 8) be TERMINATED as moot.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendation.” Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge’s ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2026**

STANLEY A. BOONE
United States Magistrate Judge

---

[2] As it appeared that Petitioner also might be challenging his criminal conviction, the Court provided Petitioner an opportunity to inform the Court whether he is in fact challenging his criminal conviction. Petitioner never filed a response.